Pearson, J.
 

 It is charged that the defendant made a certain.effigy or figure, intended to represent Samuel Fulton, which he set up on a shop near a public road: “ That he unlawfully, wickedly and maliciously hung up and suspended the said effigy or figure, as and in manner aforesaid, with a
 
 fainting
 
 and
 
 ficturé
 
 representing the head of a man with the picture, likeness and representation of a human ear thereon, and with an iron nail driven into the said
 
 fainted
 
 likeness or representation of an ear inscribed on a piece of board or plank, on which
 
 was fixed and fainted
 
 the said
 
 effigy or figure,
 
 and to which were a pair of shears or scissors hung on a nail driven into the ear of said
 
 fainting,"
 
 with other scandalous inscriptions and devices upon and about the said “ effigy, figure and painting,” reflecting on the said Fulton.
 

 By rejecting repetitions and general woids, we are enabled to extract a definite idea, and put a construction on the indictment, so as to make this to be the descriptive allegation : The defendant set up against the side of a house, near a public road, a board, on which was a
 
 fainting or 'ficture of a human head
 
 and ear, a nail was driven through the ear, and a pair of shears was hung on the nail.
 

 It was proven that the defendant had set up on the side of a house, near a public road, a board, on which a human head was
 
 inscribed,
 
 shewing a side face with the ear, a nail was driven through the ear, and a pair shears was hung on the nail. The figure was
 
 mscribed
 
 or
 
 cut in the board
 
 by means of
 
 some instrument,
 
 but was not painted..
 

 
 *9
 
 .The defendant’s counsel insisted, that the indictment was not sustained by the proof. His Honor held the proof sufficient. There is error. The variance between the allegation and proof is fatal in this. It is alleged, there was a painting or picture of a human head and ear on the board. The proof is, the head and ear were inscribed, engraved, or cut in the wood with an instrument, and there was no paint about it.
 

 It is difficut to lay down a general rule on the subject of variance in particular terms, (and one in general terms would be oí no use.) It is almost impossible to mark out the dividing line between such a variance as is fatal and such as is not; for, like light and shade, they run into each other, and although it be easy to determine, “ this is light,” “ that is shade,” yet it is almost impossible to say, “ here the light ceases and the shade begins.” A general rule cannot be established, except by decisions in many particular cases. We shall, therefore, content ourselves by deciding in this case that an allegation, that a human head and ear were painted on a- board, is not sustained by provinguthat the head and ear were cut in the board with an instrument, no paint being used. This variance may be pronounced fatal without the aid of a general rule, because it does not approximate the “dividing line,”
 

 It is suggested, as it is equally a libel, whether the head be engraved or painted, therefore the difference is not essential. It is true, it is’ equal! y a libel, but
 
 non constat
 
 that the difference is not essential. It is murder, whether death be caused by poisoning or shooting, yet an indictment charging the death in one way is not sustained by proving it was caused in the other.
 

 The Attorney General urged, that, on account of the difficulty in setting out the particulars of a libel, effected by the means used in this case, the certainty of description, required in other cases, ought, in some degree, to be dispensed with. It'may be that the position is correct, but it cannot
 
 *10
 
 aid in the question now under our consideration. A general allegation, that the figure of a human head .and ear was made on a board, which board was set up, &c., probably would have béen sufficient; and then it would have been immaterial, whether the head and ear were painted or engraved on the board. But when particulars are set out
 
 as apart of the
 
 description, although it was not necessary to go into particulars, still it is thereby made necessary to stick to the truth, and the proof must correspond with the allegation.
 

 The defendant’s counsel suggested a further variance in this: The indictment alleges, that there was a figure or effigy intended to represent the prosecutor, and
 
 to this
 
 was
 
 hung
 
 and suspended a painting or picture of a human head and ear, &c.
 

 It is not necessary to inquire, whether the indictment, from the general terms used, will admit of tnis construction, nor is it necessary to consider the question made upon the motion to arrest.
 

 Per Curiam. There must be a
 
 venire de novo.